UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, SR., | 1:14-cv-00918-LJO-GSA-PC |
| Plaintiff, | ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE |
| vs. | |
| JEFFREY BEARD, et al., | (Doc. 7 resolved) |
| Defendants. | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |
| | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

## I.  BACKGROUND

Anthony Tyrone Campbell, Sr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 16, 2014.  (Doc. 1.)  On July 2, 2014, Plaintiff filed a motion to amend the Complaint.  (Doc. 7.)

1

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff "request[s] the court to note that each defendant named in the complaint is being sued in his [or] her individual and official capacity[, and that] defendant[ Beard]'s [first] name is correctly spelled Jeffrey, not Jeffery." (Doc. 7 at 1.) Plaintiff may not amend the Complaint in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding information piecemeal after the Complaint has been filed. To add information or correct an error in the Complaint, Plaintiff must file a new amended complaint which is complete within itself. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has not previously amended the complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. Plaintiff shall be required to file an amended complaint within thirty days, making the needed changes.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after June 16, 2014.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 16, 2014.

Finally, as discussed above, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's is informed that he has leave to amend the Complaint once as a matter of course;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;
3. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:14-cv-00918-GSA-PC , and be an original signed under penalty of perjury;
4. The Clerk of the Court shall send one civil rights complaint form to Plaintiff;
5. This order resolves Plaintiff's request to amend the complaint, filed on July 2, 2014; and

///

6. Plaintiff is warned that the failure to comply with this order will result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 10, 2014**                              **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE