# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | Case No.  1:14-cv-00918-DAD-BAM-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g).<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's August 17, 2015, second amended complaint, filed in response to the July 20, 2015, order dismissing the first amended complaint with leave to file an amended complaint. (ECF No. 12.)

## I.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

Plaintiff, an inmate in CDCR Custody at the California Correctional Center in Susanville, filed the complaint in this action on June 16, 2014, claiming that Defendants subjected him to a dangerous condition in violation of the Eighth Amendment, and that Defendants subjected him to racial discrimination in violation of the Equal Protection Clause while he was housed at the California Correctional Institution at Tehachapi (CCI).  On July 24, 2014, Plaintiff filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a). (ECF No. 9.)  On July 20, 2015, an order was entered, dismissing the first amended complaint for failure to state a claim for relief and granting Plaintiff leave to file a second amended complaint. (ECF No. 12.)  On August 17, 2015, Plaintiff filed the second amended complaint that is now before the Court. (ECF No.

14.)

## III.

## SECOND AMENDED COMPLAINT

In the August 17, 2015, second amended complaint, Plaintiff names as Defendants former CDCR Secretary Jeffrey Beard, former CDCR Secretary Matthew Cate, Chief of Inmate Appeals J. Zamora, CCI Warden K. Holland, Chief Deputy Warden G. Sandor, Lieutenant K. Nouwels, Sergeant R. Abernathy, Correctional Officer (C/O) P. Dickey.

Plaintiff alleges that on October 3, 2013, C/O Dickey issued Plaintiff a Rules Violation Report (RVR) "in retaliation to Plaintiff refusal of a gang associated housing assignment." (Am. Comp. 6:7.) Plaintiff alleges that Dickey asked him whether he was a crip or a blood. C/O Dickey was determining whether Plaintiff was compatible with a gang affiliated cellmate. Plaintiff alleges that he refused the order, because he was not gang affiliated. Plaintiff alleges that Dickey's conduct was discriminatory, as Plaintiff is African-American.

Plaintiff alleges that on October 25, 2013, Lt. Nouwels, "after having knowledge of prison guard's use of racial profiling, with intent to put Plaintiff's personal safety at risk failed remedy the wrong at a disciplinary hearing." (Id. 6:14.) Warden Allison denied Plaintiff's second level appeal. Defendant Chief of Inmate Appeals Zamora denied Plaintiff's grievance at the final, Director's level, of review.

## IV.

## ANALYSIS

### A. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041. 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)(quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay

1 for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem
2 v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th
3 Cir. 2005).  However, prison officials liable under the Eighth Amendment only if they
4 demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an
5 inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to
6 act despite his knowledge of a substantial risk of serious harm.  Farmer, 511 U.S. at 834, 841
7 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

8 Here, Plaintiff fails to allege facts from which an inference could be drawn that
9 Defendant Dickey knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff
10 concludes that Dickey subjected him to harm because the potential cellmate was gang-affiliated
11 and Plaintiff was not.  That Plaintiff was not gang-affiliated is not enough to indicate that
12 Plaintiff faced a specific harm.  Plaintiff does not indicate what, if any, specific information C/O
13 Dickey was aware of that indicated that the potential cellmate was a particular threat to Plaintiff.
14 Even inmates of opposing gangs temporarily placed in a cell with each other, with nothing more,
15 fails to satisfy the Eighth Amendment standard that prison officials must be aware of s specific
16 risk to an inmate.  Labatad v. Corrections Corp. of America, 714 F.3d 1155 (9th Cir. 2013).  The
17 facts alleged here indicate that although Plaintiff did fear for his safety, there was no specific
18 information from which C/O Dickey could draw an inference that the proposed cellmate posed a
19 specific threat to Plaintiff.

20 Plaintiff was previously notified of the applicable legal standard and the deficiencies in
21 his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is
22 largely identical to the first amended complaint.  Based upon the allegations in Plaintiff's first
23 amended complaint and second amended complaint, the Court is persuaded that Plaintiff is
24 unable to allege any additional facts that would support a claim for subjecting Plaintiff to a
25 serious risk of harm in violation of the Eighth Amendment, and further amendment would be
26 futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny
27 leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at
28 issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d

4

1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).  This claim should therefore be dismissed for failure to state a claim upon which relief could be granted.

### B.  Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 250 F.3d 668, 686 (9th Cir. 2001).  Plaintiff may also state a claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Invidious racial discrimination such as racial segregation, which is unconstitutional outside prisons, also is unconstitutional within prisons.  See Johnson v. California, 543 U.S. 499, 505-06 (2005).  A prison classification based on race is immediately suspect and is subject to the same strict scrutiny as a racial classification outside prison.  See Id. at 508-10.  Prison officials must therefore demonstrate that the race-based policy or action is narrowly tailored to serve a compelling state interest.  Id. at 510-11; Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010)(applying Johnson to racial lockdowns in response to prison disturbances).

Johnson did not rule out race-based classifications and did not eliminate prison security as a reason for such classifications, but instead determined that prison officials must demonstrate that race-based policies are narrowly tailored to serve a compelling state interest such as prison security.  See Johnson, 543 U.S. at 511-13, 515 (remanding case for determination of whether California Department of Corrections and Rehabilitation's policy of temporarily segregating inmates by race when they arrive in the prison system initially or are transferred to a new prison

is narrowly tailored to serve a compelling state interest).

Here, Plaintiff has not alleged any facts suggesting that Defendant Dickey used race as the sole justification for housing Plaintiff with another inmate. Prison officials in Richardson were liable because they used race as the sole justification for imposing a lockdown of African-American inmates, Richardson, 594 F.3d at 671. Here, Plaintiff has alleged facts indicating that, although Plaintiff is African-American, the factor that Defendant Dickey considered was gang affiliation. Plaintiff has not alleged facts indicating that he was intentionally discriminated against based upon his race, or that similarly situated inmates were treated differently without a rational relationship to a legitimate state purpose.

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the first amended complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Equal Protection Clause, and further amendment would be futile. See Hartmann , 707 F.3d at 1130("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1449. Plaintiff's Eighth Amendment claim should therefore be dismissed for failure to state a claim upon which relief could be granted.

**C. Review of Grievances**

As to Defendants Holland, Zamora, Sandor, Nouwels, and Abernathy, the only conduct charged to them is their participation in reviewing Plaintiff's appeal of his disciplinary conviction. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded a specific risk of harm to Plaintiff. Plaintiff has failed to do so here. These Defendants should therefore be dismissed.

**D. Retaliation**

To the extent that Plaintiff is asserting a retaliation claim, he is advised that allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. DiVittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 F.3d at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff alleges that he refused an order to house with another cellmate. Plaintiff was charged with violating a direct order, and found guilty. Plaintiff concedes that he refused the order. Plaintiff's Exhibit A to his second amended complaint, a copy of second level appeal response of his disciplinary conviction, indicates that Plaintiff pled guilty to the offense.[1] Because Plaintiff concedes that he refused a cellmate and because he was in fact guilty of refusing a cellmate, C/O Dickey could not have issued the disciplinary charge in retaliation for Plaintiff's exercise of his protected rights, but because Plaintiff did in fact refuse an order to house with a cellmate. This claim should therefore be dismissed for failure to state a claim. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1449.

///

///

///

---

[1] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

7

### E. Supervisory Liability

As to Defendants Brown and Beard, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has not done so here. These Defendants should therefore be dismissed for Plaintiff's failure to state a claim against them.

## V.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint fails to correct the deficiencies identified in the order dismissing the first amended complaint. Based upon the allegations in Plaintiff's first amended complaint and second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Eighth Amendment, the Equal Protection Clause, or retaliation in violation of the First Amendment, and further amendment would be futile. See Hartmann, 707 F.3d at 1130. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d at 1130; Noll, 809 F.2d at 1449.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief could be granted; and

2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14)** days after being served with these Finding and Recommendations, the parties may

file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **April 27, 2016**         /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE