# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TYRONE CAMPBELL, SR., | Case No. 1:14-cv-00918-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY |
| v. | |
| P. DICKEY, | (ECF No. 59) |
| Defendant. | |

**I.      Introduction**

Plaintiff Anthony Tyrone Campbell, Sr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint against Defendant P. Dickey ("Defendant") for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment based on allegations that Defendant assigned Plaintiff to a cell with a gang-affiliated inmate based on Plaintiff's race. (ECF No. 25.)

Plaintiff asserts that he "submitted" Interrogatories, Set One, on January 29, 2019. (ECF No. 59, at 1.) On March 15, 2019, Defendant served responses to Plaintiff's Interrogatories, Set One. (Id., at 4-22.)

On March 30, 2019, Plaintiff filed a motion for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). (ECF No. 59.) Plaintiff's motion to compel was

received by the Court and docketed on April 4, 2019. Defendant has not filed any opposition to Plaintiff's motion to compel, and the time in which to do so has now passed. Therefore, Plaintiff's motion to compel is deemed submitted. Local Rule 230(l).

**II.      Plaintiff's Motion for an Order Compelling Discovery**

Plaintiff moves the Court for an order compelling Defendant to provide further responses to Plaintiff's Interrogatories, Set One, numbers 9, 10, 11, and 12. (ECF No. 59.) Plaintiff argues that the Court should order Defendant to provide further responses to the specified interrogatories because the specified interrogatories "are not requiring Defendant to guess … whether or not other compelling complaints" had been submitted against him during Defendant's 16 years of employment. (Id. at 2.) Plaintiff asserts that this information is of "significant importance to [his] claim" against Defendant "because it[']s relevant to the Defendant's existing pattern of serious staff misconduct." (Id.)

### A.      Legal Standard

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and information within this scope "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a

reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013). Further, the responding party has a duty to supplement any responses if the responding party "learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3.

**B.    Plaintiff's Interrogatories, Set One, Nos. 9-12**

**Interrogatory No. 9**:

Prior to the information entailed in this civil action against you have you ever had any other inmate complaints issued against you?

**Response**:

Defendant objects to this interrogatory on the basis that (1) it is vague and ambiguous as to the phrase "information entailed in this civil action," requiring Defendant to guess as to the intended meaning; (2) the interrogatory is undefined as to the relevant time period; (3) it seeks information shielded from disclosure by the official information privilege pursuant to federal common law, and may seek information that invades the privacy rights of Defendant in peace officer personnel, medical, and similar records protected by state and federal privileges and California statutes; (4) the information sought is "confidential" within the meaning of California Code of Regulations, Title 15, § 3321, and therefore, an inmate such as Plaintiff is prohibited from possession of the requested information under the provisions of California Code of Regulations, Title 15, § 3450(d); and (5) it seeks information that is irrelevant to the claim in this

3

action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. Based on the foregoing, Defendant is unable to provide a response.

**Ruling**:

Plaintiff's motion to compel a further response to this interrogatory is denied. First, the Court finds that this interrogatory is overbroad with respect to time because this interrogatory, as written, seeks information about all inmate complaints submitted against Defendant without any regard to time period. Thus, this interrogatory seeks information about inmate complaints from time periods before Defendant ever came into contact with Plaintiff and from time periods long after the incident that is the basis for Plaintiff's racial discrimination claim occurred, neither of which are relevant to Plaintiff's claims.

Second, the Court finds that information about any and all prior inmate complaints ever submitted against Defendant, without regard to the issues raised in those complaints, is not relevant to Plaintiff's sole racial discrimination claim against Defendant because the existence of an inmate complaint on any subject submitted against Defendant does not establish, or help to establish, any element of Plaintiff's claim. See Brown v. Williams, No. 1:09-cv-00792-LJO-GBC (PC), 2012 WL 1290801, at *1 (E.D. Cal. Apr. 13, 2012) (denying motion to compel production of all inmate complaints filed against defendant, in part, because past complaints by other inmates were not relevant to any element of plaintiff's Eighth Amendment conditions of confinement claim). Further, while Plaintiff asserts that the information about whether an inmate has ever submitted a complaint against Defendant on any subject is relevant to "Defendant's existing pattern of serious staff misconduct[,]" (ECF No. 59, at 2), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." See Brown, 2012 WL 1290801, at *2; see also Fed. R. Evid. 404(b).

**Interrogatory No. 10**:

How many rules violation reports have you written throughout the duration of your employment/career as a California Corrections Officer relevant to an inmate housing assignment?

///

4

**Response**:

Defendant objects to this interrogatory on the basis that (1) it seeks information that is irrelevant to the claim in this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues; and (2) it lacks foundation and calls for speculation, to the extent that it seeks information that is not within the personal knowledge of Defendants. Subject to and without waiving these objections, Defendant responds: I do not keep records on RVR's that I have written relevant to an inmates' housing assignment.

**Ruling**:

Plaintiff's motion to compel a further response to this interrogatory is denied. The Court finds that Plaintiff has failed to show that the number of the Rules Violation Reports for offenses related to an inmate housing assignment authored by Defendant is relevant to his sole and unique claim for racial discrimination based on allegations that Defendant assigned Plaintiff to a cell with a gang-affiliated inmate based on Plaintiff's race. See Edwards v. Carey, No. Civ S-05-1353 LKK DAD P, 2006 WL 3437901, at *1 (E.D. Cal. Nov. 29, 2006) (denying motion to compel production of all complaints and grievances filed against defendants in regards to family visiting because plaintiff fails to show that "every family visiting complaint and grievance ever filed by an inmate against any of the five defendants will be relevant to plaintiff's unique claims concerning family visits[]"). Further, while Plaintiff asserts that the number of the Rules Violation Reports for offenses related to an inmate housing assignment authored by Defendant is relevant to "Defendant's existing pattern of serious staff misconduct[,]" (ECF No. 59, at 2), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." See Brown, 2012 WL 1290801, at *2; see also Fed. R. Evid. 404(b).

**Interrogatory No. 11:**

How many of the reports authored by you had been challenged through an administration remedy process?

///

**Response**:

Defendant objects to this interrogatory on the basis that (1) it is vague and ambiguous as to the term "reports" and the phrase "challenged through an administration remedy process," requiring Defendant to guess as to the intended meaning; (2) it is undefined as to the relevant time period; (3) it seeks information that is irrelevant to the claim in this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues; and (4) it lacks foundation and calls for speculation, to the extent that it seeks information that is not within the personal knowledge of Defendant. Subject to and without waiving these objections, and construing the reference to "reports" as referring to rules violation reports, Defendant responds: I do not keep records on RVR's I have written, and I am not aware that such records exist.

**Ruling**:

Plaintiff's motion to compel a further response to this interrogatory is denied. First, Defendant's objection that the term "reports" and the phrase "challenged through an administration remedy process" are vague and ambiguous is sustained. Initially, while the term "reports" fairly clearly refers to Rules Violation Reports, it is unclear if the term "reports" is meant to refer to Rules Violation Reports authored by Defendant generally or just the Rules Violation Reports for offenses related to an inmate housing assignment authored by Defendant that Plaintiff asked about in Interrogatory No. 10. Further, it is unclear if the phrase "challenged through an administration remedy process" is meant to refer to challenging the validity of the Rules Violation Report in the prison disciplinary process, or in the California Department of Corrections and Rehabilitation inmate grievance procedure, or both. Second, the Court finds that this interrogatory is overbroad with respect to time because the interrogatory, as written, is wholly unlimited in what time period the interrogatory is asking about. Third, while Plaintiff asserts that the information sought by this interrogatory is relevant to "Defendant's existing pattern of serious staff misconduct[,]" (ECF No. 59, at 2), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." See Brown, 2012 WL 1290801, at *2; see also Fed. R. Evid. 404(b).

**Interrogatory No. 12**:

Relevant to INTERROGATORY No. 11, has any of those challenges ever prevailed against you?

**Response**:

Defendant objects to this interrogatory on the basis that (1) it is vague and ambiguous as to the term "challenges" and the phrase "prevailed against you," requiring Defendant to guess as to the intended meaning; (2) it is undefined as to the relevant time period; (3) it seeks information that is irrelevant to the claim in this action and is not proportional to the needs of the case, considering the importance of the issues at stake in the action and the importance of the discovery in resolving the issues; and (4) it lacks foundation and calls for speculation, to the extent that it seeks information that is not within the personal knowledge of Defendant. Subject to and without waiving these objections, and construing the reference to "reports" as referring to rules violation reports, Defendant responds: I do not keep records on RVR's that I have written, and I am not aware that such records exist.

**Ruling**:

Plaintiff's motion to compel a further response to this interrogatory is denied. First, the Court finds that Defendant's objection that the term "challenges" and the phrase "prevailed against you" are vague and ambiguous is sustained. While the term "challenges" and the phrase "prevailed against you" clearly refer to the phrase "challenged through an administration remedy process" in Interrogatory No. 11, the Court has previously found that the phrase "challenged through an administration remedy process" is vague and ambiguous. Hence, the term "challenges" and the phrase "prevailed against you" are also vague and ambiguous. Second, the Court finds that this interrogatory is overbroad with respect to time because this interrogatory, as written, is wholly unlimited in what time period the interrogatory is asking about. Third, while Plaintiff asserts that the information sought by this interrogatory is relevant to "Defendant's existing pattern of serious staff misconduct[,]" (ECF No. 59, at 2), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." See Brown, 2012 WL 1290801, at *2; see also Fed. R. Evid. 404(b).

**III.     Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for an order compelling discovery, (ECF No. 59), is DENIED.

IT IS SO ORDERED.

Dated:  **October 23, 2019**                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE